## NATIONAL FRUIT PRODUCT CO., Inc. v. UNITED STATES.
### No. 6496.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 15, 1952.

Decided Nov. 10, 1952.

H. Brice Graves, Richmond, Va. (Lewis F. Powell, Jr., Ralph H. Ferrell, Jr., and Hunton, Williams, Anderson, Gay & Moore, Richmond, Va., on the brief), for appellant.

Robert B. Ross, Sp. Asst. to the Atty. Gen. (Charles S. Lyon, Acting Asst. Atty. Gen., Ellis N. Slack and Helen Goodner, Sp. Assts. to the Atty. Gen., Howard C. Gilmer, Jr., U. S. Atty., and R. Roy Rush, Asst. U. S. Atty., Roanoke, Va., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

The judgment in this case is affirmed upon the opinion of Judge Paul in National Fruit Product Co., Inc., v. United States, D.C.W.D.Va., 105 F.Supp. 658. The gist of the taxpayer's argument is that there is a definite relationship between the inclusion of 50 per cent. of borrowed capital in computing the excess profits credit under Section 714 of the statute, 26 U.S.C.A., and the deduction of the interest paid by the taxpayer to the extent of 50 per cent. of the total; and hence when Congress provided in the repealing act that there should be no unused excess profits, credit after December 31, 1946, it must have intended also to abolish the 50 per cent. reduction in the allowance for interest for the same period. However equitable such an arrangement might have been, the fact is that Congress did not tie the two provisions together, and we must observe the statutory conditions on which the excess profits statute was repealed and the carry-back of subsequent losses to the excess profits tax period was allowed.

The taxpayer makes the additional argument that it cannot be assumed that its theoretical excess profits tax credit for the year 1948 would have been computed on the invested capital method under Section 714 rather than on the average earnings method under Section 713 of the Internal Revenue Code, 26 U.S.C.A. §§ 713, 714. It suggests that under Section 713 the taxpayer could have utilized 100 per cent. of the interest paid as a tax deduction, and therefore under this method might have been entitled to a larger carry-back for the year. The argument is without merit. While the taxpayer would have been obliged to use the average earnings method, if this method would have resulted in a lower tax, it had never done so in the past and it made no attempt to show that it would have been to its advantage to do so in the year 1948, if the excess profits tax had been in effect in that year. The taxpayer is suing for a refund and the burden is upon it to show that the determination of the Commissioner was incorrect, and specifically to show that its theoretical excess profits credit was not properly computed, and it has failed to do so.

Affirmed.