**H. G. HASTINGS CO.**

v.

**UNITED STATES.**

No. 4825.

United States District Court,
N. D. Georgia, Atlanta Division.

June 28, 1954.

Thomas B. Branch, Jr., H. A. Stephens, Jr., Atlanta, Ga., for plaintiff.

James W. Dorsey, U. S. Atty., Atlanta, Ga., Slaton Clemmons, Asst. U. S. Atty., Rome, Ga., for defendant.

SLOAN, District Judge.

Invoking the jurisdiction of this Court under the provisions of Title 28, U.S. C.A. § 1346(a)(1)(i) and (ii), the plaintiff files this complaint seeking to recover income taxes alleged to have been erroneously assessed against and illegally collected from plaintiff by defendant. The amount sought to be recovered is less than $10,000 and the Collector of Internal Revenue who collected same is dead and no longer in office.

The defendant admits the above allegations of fact and further admits that the plaintiff is a Georgia corporation reporting its income for tax purposes on a fiscal year basis ending June 30th, and for the taxable year beginning July 1, 1945 and ending June 30, 1946, it paid to Marion H. Allen, Collector of Internal Revenue for Georgia, the sum of $27,-791.87 as excess profits tax pursuant to Sec. 711 et seq., of the Internal Revenue Code, 26 U.S.C.A. § 711 et seq. The said collector died on or about September 10, 1952.

The plaintiff contends that for the fiscal year beginning July 1, 1947 and ending June 30, 1948 plaintiff sustained a net operating loss in the amount of $4,352.28 which plaintiff contends it was entitled to carry back to the taxable year ending June 30, 1946, thereby reducing plaintiff's liability for excess profits in said year to $25,915.98 and resulting in an overassessment and erroneous and illegal collection from it of $1,875.89 for said taxable year ending June 30, 1946. Defendant in its answer denies these allegations.

The plaintiff also contends and alleges that the defendant recognized of said overassessment $152.71 so that $1,723.18 remains as having been erroneously assessed and illegally collected from plaintiff. Plaintiff contends and alleges that the overassessment resulted from the action of defendant in increasing plaintiff's excess profits net income by 50% of interest on borrowed capital for the fiscal year ending June 30, 1948, such interest amounting to $3,997.99 under Section 711(a)(2)(L)(i) of the Internal Revenue Code which provision had been repealed by the Revenue Act of 1945, effective January 1, 1946, and had no relation whatever to a fiscal year beginning July 1, 1947 and ending June 30, 1948. Plaintiff contends and alleges that no part of said interest on borrowed capital should have been added to plaintiff's excess profits net income for its fiscal year ending June 30, 1946. This, defendant in its answer, denies.

Plaintiff contends and alleges that on September 5, 1951 plaintiff filed with Marion H. Allen, Collector of Internal Revenue for Georgia, its claim for refund in the amount of $1,723.18, specifying therein as grounds for recovery the reasons alleged in the complaint, which claim was rejected by the Commissioner of Internal Revenue on behalf of defendant on March 27, 1952.

The defendant in its answer denies these allegations with respect to the claim for refund, except that defendant admits that on September 14, 1951 plaintiff filed a claim for refund of $1,723.18 and that this claim was duly rejected on March 27, 1952.

Plaintiff prays judgment in said amount of $1,723.18, with interest.

In defendant's answer it moves the Court to dismiss plaintiff's complaint because "it is shown in the context of the complaint that the plaintiff has failed to state a claim upon which relief can be granted." Also in defendant's answer, pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., moves the Court to grant a summary judgment or a judgment on the pleadings because "the contents of the pleadings show that there is no real issue involved in the case."

The defendant files in support of its motion to dismiss and for summary judgment, a statement of points and authorities. Defendant therein, while disputing the correctness of plaintiff's conclusions, admits the essential allegations of fact in plaintiff's complaint.

The plaintiff, pursuant to Rule 56, moves for a summary judgment in its favor against the defendant, based upon the admissions contained in the statement of points and authorities in support of the government's motion to dismiss and for summary judgment filed May 17, 1954 upon the ground that

1. There is no genuine issue between the parties as to any material fact, and

2. Plaintiff is entitled to a judgment in its favor as a matter of law.

These motions of plaintiff and defendant are now before the Court for determination.

Plaintiff contends that the brief filed on behalf of the United States of America clearly establishes that

(a) Plaintiff filed a timely claim for refund of the amount involved in this civil action;

(b) Its claim for refund was rejected by the Commissioner of Internal Revenue;

(c) Plaintiff sustained a net operating loss in 1948 in the amount alleged by it;

(d) The only matter at issue between the parties is whether or not the entire amount of its net operating loss for 1948 can be carried back to the year 1946, or must the deduction for interest on borrowed capital be diminished by 50%.

The Question:

Plaintiff sues here for a refund of excess profits tax paid for the year ending June 30, 1946. Plaintiff contends that it has the right to carry back its net operating loss for the year ending June 30, 1948 without deduction.

Plaintiff, by supplemental brief, further contends that such reduction is permitted under the terms of the statute only if the excess profits credit for such taxable year is computed by the invested capital method, and that since no excess profits tax was computed for the year 1948, on any basis, the defendant may not reduce the interest deduction.

The defendant contends that the operating loss carry back must be reduced by deducting 50% of the interest paid on borrowed capital during the fiscal year 1948.

The precise question in this case was considered and determined in National Fruit Products Co., Inc. v. United States, 4 Cir., 1952, 199 F.2d 754, affirming, per curiam, D.C., 105 F.Supp. 658. Certiorari was denied, 345 U.S. 950, 73 S.Ct. 866, 97 L.Ed. 1373, this determination being adverse to the contentions of plaintiff.

However, plaintiff earnestly insists that the above case was wrongfully decided; that the Tax Court has refused to follow it, Flory Milling Co., Inc., v. Commissioner of Internal Revenue, 21 T.C. 432, and that the Tax Court was correct in refusing to follow National Fruit Products Co., Inc. v. United States, supra.

Plaintiff is joined in this insistence by Honorable Charles T. Akre of Miller & Chevalier, Attorneys at Law, 1001 Connecticut Avenue, Washington, D. C., and Honorable Harold B. Wahl of Loftin & Wahl, Attorneys at Law, 414 Gresham Building, Jacksonville, Florida, who file with this Court amicus curiae copies of the brief for plaintiffs in the case of

Scott M. Loftin and John W. Martin, Trustee in Bankruptcy for Florida East Coast Ry. Co. v. John H. Fahs, Individually and as United States Collector of Internal Revenue, defendant, which were filed by counsel for plaintiff therein in the United States District Court for the Southern District of Florida, Jacksonville Division.

However, this Court is of the opinion that the statute has been correctly interpreted by the United States Court of Appeals in National Fruit Products Co. v. United States, supra, and that such interpretation should control here.

Plaintiff's claim will be dismissed and judgment will be entered in favor of the defendant, with costs.