**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**FLORY MILLING CO., Inc., Respondent.**

**No. 11431.**

United States Court of Appeals Third Circuit.

Argued Jan. 4, 1955.

Decided May 26, 1955.

Robert B. Ross, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Hilbert P. Zarky, Sp. Assts. to the Atty. Gen., on the brief), for petitioner.

William P. Thorn (Joseph W. Price, 3rd, Sanford D. Beecher, Duane, Morris & Heckscher, Philadelphia, Pa., on the brief), for respondent.

Before MARIS, GOODRICH and STALEY, Circuit Judges.

STALEY, Circuit Judge.

The government has appealed from a decision of the Tax Court [1] which held

---

1. Flory Milling Co. v. Commissioner of Internal Revenue, 1954, 21 T.C. 432.

that there was no deficiency in the taxpayer's (Flory Milling Co., Inc.) excess profits income tax payments for its fiscal year which ended September 30, 1944.

The proper amount of the 1944 excess profits tax depends upon the amount of unused excess profits credit which the taxpayer had in 1946, because this amount can be carried back from 1946 to 1944. In turn, the taxpayer's 1946 unused excess profits credit is affected by a 1948 net operating loss, which can be carried back to 1946.

Thus, the determination of taxpayer's 1944 excess profits tax depends upon the permissible amount of net operating loss carry-back from 1948 to 1946.

It is agreed by the parties that Flory Milling Co. sustained a net operating loss in 1948 of $47,241.50. For ordinary income tax computations, this entire amount can be carried back, but the government claims that when net operating losses are carried back to prior years for the purpose of determining excess profits taxes, an adjustment for interest must be made.

During the years when the excess profits tax was in effect, Section 711 of the Internal Revenue Code provided, in part:

"§ 711. Excess profits net income

"(a) Taxable years beginning after December 31, 1939. The excess profits net income for any taxable year beginning after December 31, 1939, shall be the normal-tax net income, as defined in section 13(a)(2), for such year except that the following adjustments shall be made:

\*    \*    \*    \*    \*    \*

"(2) Excess profits credit computed under invested capital credit. If the excess profits credit is computed under section 714, the adjustments shall be as follows:

\*    \*    \*    \*    \*    \*

"(L) Net operating loss deduction adjustment. The net operating loss deduction shall be adjusted as follows:

"(i) In computing the net operating loss for any taxable year under section 122(a), and the net income for any taxable year under section 122(b), no deduction shall be allowed for any excess profits tax imposed by this subchapter, and, if the excess profits credit for such taxable year was computed under section 714, the deduction for interest shall be reduced by the amount of any reduction under subparagraph (B) of this paragraph for such taxable year." 26 U.S.C. § 711 (1952 ed.).

According to subparagraph (B) refered to in subparagraph (a)(2)(L)(i) of this section, only one-half the interest on the indebtedness included in the daily amounts of borrowed capital could be considered in arriving at the net operating loss which was to be carried back for excess profits tax purposes, if, during the year for which the net operating loss is being computed, the taxpayer computed an excess profits credit under Section 714.[2]

If the excess profits tax had not been repealed and if the taxpayer had computed the 1948 excess profits credit under Section 714, then the government would be correct, and the taxpayer could only carry back $29,880.50 from 1948 to 1946.[3]

By the Internal Revenue Act of 1945, Congress provided that after 1945 there would be no excess profits tax, but that the provisions of the excess profits law would remain effective for the purpose of determining carry-backs to years

---

2. With certain qualifications not relevant here, a taxpayer could compute the excess profits credit either under Section 713 or Section 714 of the Code. The sections provided different theories of computation and could result in a different excess profits tax credit.

3. It was agreed that $17,361 represented the 1948 interest adjustment necessary, according to the government's position. Thus, $29,880.50 represents the difference between the taxpayer's net operating loss of $47,241.50 and the interest adjustment.

when the excess profits law was in effect. However, the law, which remained in effect for carry-back purposes, was amended to read: "There shall be no unused excess profits credit for a taxable year beginning after December 31, 1946."[4]

Section 711(a) (2) (L) (i), which remained in effect for carry-back purposes only, required the interest adjustment only *if* the excess profits credit was computed under Section 714. Thus, the taxpayer had to adjust the 1948 net operating loss before carrying it back to 1946 only if the taxpayer computed a 1948 excess profits credit under Section 714.

But, in 1948, the taxpayer did not compute an excess profits credit by any method, since there was no excess profits tax for which a credit had to be computed. This being so, the "if" clause of Section 711(a) (2) (L) (i) does not come into play.

The government's reply is that, since Section 122(b) of the Internal Revenue Act of 1945 does say that the provisions of the excess profits law remain in effect for carry-back purposes, a taxpayer in 1948 must pretend that there is an excess profits tax and go about computing an excess profits credit. The government then observes what the taxpayer is doing, and if the Section 714 method is used by the taxpayer, the government then requires that an adjustment be made in that year's net operating loss for excess profits carry-back purposes.

But we do not think the taxpayer is required to compute a credit for a non-existent tax.

Section 122(c) of the Internal Revenue Act of 1945 qualifies Section 122(b). Section 122(c) provides that there shall be no unused excess profits credit for years after December 31, 1946. Thus, in 1948, there was no such item as an unused excess profits credit. Congress did not say that any unused excess profits credit in 1948 could not be carried back. It said there shall be no such item.

We, therefore, think that the abolishment of the unused excess profits credit, in effect, abolished any such concepts as excess profits credit or excess profits income, both of which are necessary to determine unused excess profits credit.

The net effect of the Internal Revenue Act of 1945, which abolished the excess profits tax and unused excess profits credit, was to destroy any "excess profits credit" concept for years after December 31, 1946. Thus, the taxpayer was under no obligation to compute an excess profits credit for the year 1948, and so the "if" clause of Section 711(a) (2) (L) (i) never becomes operative so far as 1948 is concerned. The taxpayer was not required to adjust the net operating loss for interest and was entitled to carry back $47,241.50, rather than $29,880.50.

In National Fruit Product Co. v. United States, 4 Cir., 1952, 199 F.2d 754, certiorari denied 1953, 345 U.S. 950, 73 S.Ct. 866, 97 L.Ed. 1373, the identical issue here presented was decided the other way. The Fourth Circuit affirmed per curiam the decision found at W.D. Va.1952, 105 F.Supp. 658. We do not think that decision correct.

4. "§ 122. Repeal of Excess Profits Tax in 1946.

"(a) In general. The provisions of subchapter E of chapter 2 shall not apply to any taxable year beginning after December 31, 1945.

"(b) Carry-backs From Years After 1945, Etc. Despite the provisions of subsection (a) of this section, the provisions of subchapter E of chapter 2 shall remain in force for the purposes of the determination of the taxes imposed by such subchapter for taxable years beginning before January 1, 1946, such determination to be made as if subsection (a) had not been enacted but with the application of the amendments made by subsection (c) of this section and section 131 of this Act.

"(c) Unused Excess Profits Credit for Taxable Year Beginning after December 31, 1945. Section 710(c) (2) (defining the unused excess profits credit) is amended by inserting at the end thereof a new sentence reading as follows: 'There shall be no unused excess profits credit for a taxable year beginning after December 31, 1946. * * *'" Internal Revenue Act of 1945, § 122, 26 U.S.C.A. Int.Rev.Acts.

.There is nothing in the legislative history of the repealing act contrary to our decision. See Senate Report No. 655, 79th Cong., 1st Sess., pp. 29 et seq., and House Report No. 1165, 79th Cong., 1st Sess., p. 7.

For the foregoing reasons the decision of the Tax Court will be affirmed.